JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief Counsel for FLSA Litigation
ABIGAIL G. DAQUIZ
Senior Trial Attorney
Washington State Bar No. 35521
M. CRISTOPHER SANTOS
Trial Attorney
California State Bar No. 306346
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile: (206) 757-6761

Attorneys for Plaintiff, Thomas E. Perez
Secretary of Labor, United States Department of Labor

**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, THOMAS PEREZ,<br><br>           Plaintiff,<br><br>     vs.<br><br>KAZU CONSTRUCTION, LLC, a corporation; and VERNON LOWRY, an individual;<br><br>           Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

*Complaint*                                                                                                   1

1.     Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Defendants Kazu Construction, LLC ("Kazu Construction") and Mr. Vernon Lowry from violating the provisions of Sections 6, 7, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 215(a)(2) and 215(a)(5), and to recover unpaid minimum wage and overtime compensation owed under the FLSA to present and former employees of the Defendants including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c).

2.     Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

3.     Venue lies in the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. § 1391(b), as Defendant Kazu Construction maintains its headquarters in this district and a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

4.     Defendant Kazu Construction is and has been a Hawaii corporation licensed to do business in the State of Hawaii, with its principal place of business located at 300 Ala Moana Blvd., Room 7225, Honolulu, HI 96850 within the

jurisdiction of this Court, where it is and has been engaged in the business of residential and commercial construction.

5. At all relevant times, Defendant Kazu Construction is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees who worked for Defendant during the relevant time period who are not known to the Secretary at this time.

6. Defendant Vernon Lowry, an individual, resides within the jurisdiction of this Court, is the owner of Kazu Construction, and at all relevant times acted directly or indirectly in the interest of Kazu Construction in relation to its employees, including hiring and firing employees, maintaining employment records, exercising day-to-day authority over the terms and conditions of employment, and control over Defendant's business in the state of Hawaii. As such, Vernon Lowry is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Kazu Construction's employees.

7. At all times relevant to this Complaint, Defendant Kazu Construction has employed employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times relevant to this Complaint, Defendant Kazu Construction has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r). Defendant Kazu Construction operates a construction company that includes the related business activities involved in building houses. Its activities are controlled and operated by Defendant Vernon Lowry as a for-profit business.

9. At all times relevant to this Complaint, Defendant Kazu Construction has been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000. As such, Kazu Construction is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s).

10. Defendants have willfully and repeatedly violated, and continue to violate, Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay some employees at least the federal minimum wage of $7.25 per hour for all hours worked. One form of this violation occurred because the employer "banked" hours worked over 40 in the workweek in an informal system to be claimed by workers in future weeks when the workers worked less than forty hours (such as for sick leave or other time off). This means that the employer failed to pay the employee at least the minimum wage for the hours worked over 40 hours.

11.     Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.  Defendants engaged in a practice of paying employees for only forty hours of work even though workers routinely worked in excess of forty hours.  The employer "banked" those excess unpaid hours worked in an informal system to be claimed by workers in future weeks when the workers worked less than forty hours (such as for sick leave or other time off). The practice of "banking" hours delays and discounts the overtime earnings of employees to a future date in violation of the Act.  The informal nature of the banked system means that the employer never maintained records of the banked hours.  The practical result of this system is that employees were not paid the overtime rate for their hours over 40.

11.     Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R.

Part 516.  Specifically, Defendants failed to make, keep, and preserve accurate records of hours worked by employees.  Although employees regularly worked over 40 hours in a workweek, Defendants' records generally only reflect 40 hours worked because Defendants only paid workers for 40 hours each week. Defendants maintained an informal practice of "banking" hours worked over 40, but maintained no records of the hours banked or used. Defendants' inaccurate records and practice of banking hours has interfered with the ability of the employees, and derivatively, the Secretary, to detect, identify, and have notice of the underpayment of minimum wage and overtime due under the FLSA.

    12.    (a)    During the investigatory period, beginning in August of 2012 through the present, Defendants repeatedly violated the above-described provisions of the FLSA;

        (b)    Defendants' violations of FLSA Sections 6, 7, 11, and 15 are willful in nature in that Defendants were aware that employees were required to be paid both minimum wage and overtime for hours worked over 40 in a workweek, but instead, Defendants only paid workers for 40 hours despite the fact that workers regularly and consistently worked more hours;

        (c)    As a result of the violations of the FLSA, there is unpaid minimum wage and overtime compensation being withheld by the Defendants;

    (d) Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

    (e) Judgment enjoining and restraining any continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

    (f) Judgment awarding unpaid back wages due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

//

//

//

//

//

//

//

//

//

//

//

WHEREFORE, cause having been shown, the Secretary prays for a Judgment against Defendants as follows:

(a) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

(b) For an Order:

(1) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to Defendants' employees listed in the attached Exhibit A from August 1, 2012 through the present (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2) pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding

payment of unpaid back wages found to be due Defendants' employees for the relevant statutory period;

  (c) For an Order awarding plaintiff the costs of this action; and

  (d) For an Order granting such other and further legal and equitable relief as may be necessary or appropriate.

  Respectfully submitted this 22nd day of February, 2016.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

By: _____

ABIGAIL G. DAQUIZ
Senior Trial Attorney

M. CRISTOPHER SANTOS
Trial Attorney
Attorneys for Plaintiff
United States Department of Labor

## **EXHIBIT A**

Aguinaldo, Frank

Cummings, Preston

Dela Cuesta, James

Hendricksen, Kahikapu

Holbron-Kealoha, Briant

Kawaauhau, Daniel

Leedy, Arnold

MacGregor, Kevin

Magallanes, Jaime

Mahuka, Brandon

Mericle, Wesley

Napierala, Stanley

Padayao, Jay

Petree, John

Rice, Charles

Tadio, Dennis

Teixeira, James

Wolf, Eric