HON. KEVIN S.C. CHANG

JANET M. HEROLD, Regional Solicitor
SUSAN SELETSKY, Chief Counsel for FLSA Litigation
ABIGAIL G. DAQUIZ, Senior Trial Attorney
WA Bar No. 35521
M. CRISTOPHER SANTOS, Trial Attorney
CA Bar No. 306346
OFFICE OF THE SOLICITOR
U.S. DEPARTMENT OF LABOR
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile: (206) 757-6761
Daquiz.abigail@dol.gov
Santos.martin.c@dol.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, THOMAS PEREZ, <br><br>        Plaintiff, <br> v. <br><br> KAZU CONSTRUCTION, LLC, a corporation; and VERNON LOWRY, an individual, <br><br>        Defendants. | Case No. 1:16-cv-00077-ACK-KSC <br><br> SECRETARY OF LABOR'S NOTICE OF MOTION AND MOTION TO QUASH OR, IN THE ALTERNATIVE, TO MODIFY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> *TRIAL DATE: April 18, 2017* |

MOTION TO QUASH SUBPOENAS DIRECTED TO THIRD PARTIES
Case Number 1:16-cv-00077-ACK-KSC

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE
ALTERNATIVE, TO MODIFY SUBPOENA……………………………………1

MEMORANDUM OF POINTS AND AUTHORITIES…………………….5

I.     BACKGROUND……………………………………………………..5

II.    ARGUMENT………………………………………………………6

    a. The Secretary has standing to challenge Defendants' third-party
      subpoenas……………………………………………………6

    b. The subpoenas are an abuse of the Court's procedures and
      unlawfully punish and intimidate workers from asserting their
      rights…………………………………………………...………10

    c. Targeting workers and other affected parties through selective
      and abusive subpoenas is unlawful retaliation………………....…11

    d. Defendants' subpoenas are unduly burdensome, unreasonable,
      overbroad, demand privileged documents, fail to provide
      reasonable time to comply, and require compliance beyond the
      Rule 45's geographical limits and must be quashed (Fed. R. Civ.
      P. 45(d)(3))…………………………………………………...…..13

        1.    The subpoenas are overbroad and unreasonable…………14

        2.     The subpoenas constitute an abusive fishing expedition...15

        3.    The subpoenas violate workers' right to privacy………….18

        4.    The Court must quash the subpoenas to Kevin
            MacGregor and Mark Kramer for failure to adhere
            to rule 45(c)(2)(A)'s geographical
            requirement…………………………………………………..18

III.    CONCLUSION………………………………………………...19

i

1

## TABLE OF AUTHORITIES

2

## Cases

3

*Bickley v. Schneider Nat., Inc.,*
2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) ........................................................ 18

*Bill Johnson's Rests., Inc. v. NLRB,*
461 U.S. 731 (1983) ...................................................................................... 8, 10

*Breed v. U.S. Dist. Court, N. Dist. of Cal.,*
542 F.2d 1114 (9th Cir. 1976) ...................................................................... 18

*Cal. Motor Transp. Co. v. Trucking Unlimited,*
404 U.S. 508 (1972) .......................................................................................... 8

*Compaq Computer Corp. v. Packark Bell Elecs.,*
163 F.R.D. 329 (N.D. Cal. 1995) .................................................................. 15

*Delta Air Lines, Inc. v. August,*
450 U.S. 346 (1981) .......................................................................................... 7

*E.R.R. Presidents Conference v. Noerr Motor Freight, Inc.,*
365 U.S. 127 (1961) .......................................................................................... 8

*Frye v. Scott,*
2013 WL 5607206 (Haw. Ct. App. Oct. 14, 2013) .......................................... 10

*Green v. Baca,*
226 F.R.D. 624 (C.D. Cal. 2005) .................................................................. 16

*Harris v. Acme Universal, Inc.,*
2014 WL 3907107 (D. Guam Aug. 11, 2014) .......................................... 11, 12

*Herbert v. Lando,*
441 U.S. 153 (1979) ........................................................................................ 15

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*In re REMEC Securities Litigation,*
2008 WL 2282647 (S.D. Cal. 2008)...................................................... 7

*In re Rhodes Cos., LLC,*
475 B.R. 733 (D. Nev. 2012)............................................................ 7

*Kasten v. Saint-Globain Perf. Plastics Corp.,*
563 U.S. 1 (2011)..................................................................... 12

*Mailhoit v. Home Depot S.A., Inc.,*
285 F.R.D. 566 (C.D. Cal. 2012)...................................................... 16

*Malibu Media, LLC v. Does 1-25,*
2012 WL 2367555 (S.D. Cal. June 21, 2012) ....................................... 7

*Mattel, Inc. v. Walking Mountain,*
353 F.3d 792 (9th Cir. 2003) ......................................................... 14

*Monge v. Maya Magazines,*
2010 WL 2776328 (D. Nev. July 14, 2010) .................................... 15, 16

*Moon v. SCP Pool Corp.,*
232 F.R.D. 633 (C.D. Cal. 2005)...................................................... 6

*Olson v. State Farm Fire and Cas. Co.,*
2015 WL 753501 (W.D. Wash. Fed. 23, 2015) .................................... 6

*Paoa v. Marati,*
2007 WL 4191997 (D. Haw. Nov. 27, 2007) ....................................... 19

*Rivera v. NIBCO,*
364 F.3d 1057 (9th Cir. 2004) ........................................................ 16

*Sosa v. DIRECTV, Inc.,*
437 F.3d 923 (9th Cir. 2006) .................................................. 7, 8, 10

*Theofel v. Farey-Jones,*
359 F.3d 1066 (9th Cir. 2003) .......................................................... 1, 2

iii

*U.S. v. Jenkins,*
  895 F. Supp. 1389 (D. Haw. 1995)........................................................................ 9

*United States v. Raineri,*
  670 F.2d 702 (7th Cir. 1982) ................................................................................ 9

## **Statutes**

HAW. CONST. ART. 1, § 6............................................................................................ 18

U.S. CONST. amend. I ................................................................................................. 8

## **Rules**

FED. R. CIV. P. 45 ........................................................................ 13, 14, 18, 19

**NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE**

**ALTERNATIVE, TO MODIFY SUBPOENA**

The Secretary of Labor seeks this Court's immediate action to quash the

improper subpoenas that Defendants selectively issued to their former

employees—Mr. Preston Cummings, Mr. Kevin MacGregor, Mr. Richard

Napierala, Mr. Stanley Napierala, Mr. Jay Padayao, Mr. Daniel Kawaauhau, Mr.

Arnold Leedy, and Mr. Dennis Tadio, Jr.—and other third parties—Mr. Mark

Kramer, Ms. Suzanne Yen, Mr. Gil Vallesteros, Makaha Oceanview Estates LLC,

and Nakamura Electric, Inc. Defendants have no need for the information

demanded from them—all potential third-party witnesses to the Secretary's

enforcement action here—and the selective targets, scope, and focus of the

subpoenas reveals their intention to be punitive and retaliatory.

> The subpoena power is a substantial delegation of
> authority to private parties, and those who invoke it have
> a grave responsibility to ensure it is not abused. . . .
> [Private parties must] exercise [] independent judgment
> about the subpoena's reasonableness. Fighting a
> subpoena in court is not cheap, and many may be cowed
> into compliance with even overbroad subpoenas,

- 1 -

especially if they are not represented by counsel or have

no personal interest at stake.

Theofel v. Farey-Jones, 359 F.3d 1066, 1074-75 (9th Cir. 2003).

As early as April of this year, Defendants began abusing this Court's subpoena power to harass and intimidate a select group of former employees for whom the Secretary of Labor is seeking wages for uncompensated overtime. Declaration of Abigail Daquiz, Exhibit 1, Defendants' April 12, 2016 Subpoenas Duces Tecum ("April Subpoenas"). During the Rule 16 scheduling conference on April 18, 2016, the Court instructed Defendants to withdraw their April Subpoenas issued to third-party employees and the current employer of one of those employees. The Court acknowledged that the subpoenas were overbroad and instructed Defendants to engage in direct discovery with the Secretary.

Defendants did not follow the Court's guidance. They issued their second round of subpoenas on August 30, the same day that they finally propounded discovery requests directly on the Secretary.  Daquiz Decl., Ex. 2, Defendants' August 30, 2016 Subpoenas Duces Tecum ("August Subpoenas"). Earlier this month, Defendants issued two more sets of subpoenas, which are just as overbroad as the first and second waves of subpoenas. Daquiz Decl., Exs. 3 and 4, Defendants' November 3rd and 8th, 2016 Subpoenas Duces Tecum ("November Subpoenas"). Defendants seek personal information and documents that have

- 2 -

marginal or no relevance to the issues before the Court, such as "[d]ocuments (including, but not limited to, text messages, e-mails, social media posts, and photographs) showing or referring to you engaged in any activity (other than your employment with Kazu Construction) between 7:00 a.m. and 6:00 p.m." Further, Defendants are attempting to abuse the Court's subpoena power to compel action from individuals who are clearly outside of the geographical limits imposed on the Court's subpoena power by Federal Rule of Civil Procedure 45(c). Daquiz Decl., Exs. 4. Thus, the apparent purpose of Defendants in serving these subpoenas is to discourage workers and other third parties from petitioning their government and this Court for redress:  no legitimate discovery need warrants such broad, invasive, and punitively-focused information demands.

It is the Defendants' duty to maintain records of its employees' hours worked and the pay they earned. It is also Defendants' duty to pay for all of the hours their employees worked and to pay the overtime premium for hours worked over forty in a workweek. Now, faced with the Secretary's enforcement action seeking to enforce these duties, Defendants seek to turn to their employees and other third parties and demand an extensive and intrusive production of documents, all apparently in the name of uncovering information for which the Defendants themselves are the best source.  Who else would know better than Defendants how much in wages they paid to their workers? Who else would know better than

- 3 -

Defendants how many hours they suffered and/or permitted their workers to labor to complete Defendants' construction projects?  These subpoenas are not an authentic attempt to secure information:  rather, these subpoenas are being used improperly to silence, intimidate, and punish these workers and third parties for cooperating with the Secretary. Plaintiff has offered to be the conduit for these document requests. Daquiz Decl., at ¶¶ 2, 9. Plaintiff respectfully asks the Court to quash the subpoenas that have not been voluntarily withdrawn by Defendants (i.e., August and November Subpoenas) or, in the alternative, to modify them to conform to the requirements of Federal Rule of Civil Procedure 45.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   **BACKGROUND**

Plaintiff Secretary of Labor filed this suit on Feb. 22, 2016. On April 12, 2016, Defendants filed a notice that they were serving a third party company and third party individuals, seven of their former employees, with subpoena duces tecum demanding production of documents by April 26, 2016. Daquiz Decl., Ex. 1, April Subpoenas. At the parties' Rule 16 scheduling conference on April 18, 2016, the Court acknowledged that the subpoenas were overbroad and instructed Defendants to conduct discovery directly with the Secretary. Defendants withdrew their subpoenas shortly after. Daquiz Decl., at ¶ 2.

However, on August 30, 2016, Defendants once again issued overbroad subpoenas to a third-party employee, Dennis Tadio, Jr. and a third-party corporation named Hawaii News Now. Daquiz Decl., Ex. 2, August Subpoenas. The subpoenas required compliance by September 14, 2016. Id. Defendants concurrently propounded discovery requests on the Secretary, the only Plaintiff in this case. Daquiz Decl., at ¶ 4. Defendants did not withdraw the subpoenas but took no action to enforce them. Id., at ¶ 5.

Earlier this month, Defendants renewed their harassing subpoena efforts with two more rounds of subpoenas targeting third-party former employees and other third parties. Daquiz Decl., Exs. 3, 4, November Subpoenas. On Nov. 3,

- 5 -

2016, the parties discussed discovery and the timeline for getting responsive

documents, and Plaintiff's counsel reiterated that discovery with the Secretary

should be conducted first before resorting to the subpoenas at issue here. Id., at ¶ 9.

Again, on Nov. 14, 2016, Plaintiff's counsel asked counsel for Defendants to allow

Plaintiff's counsel to be a conduit of the information for these third parties. Id.

Their new subpoenas seek extensive and intrusive information including tax

documents, documents about any income earned, any and all financial records,

bank accounts and bank statements, phone records and texts, travel documents, any

and all photographs taken, social media accounts and posts about any activities

they were engaged in, attending or planning, and any calendars of appointments or

meetings with any individual or entity for the time period that the worker worked

for Defendants. Daquiz Decl., Exs. 3, 4, November Subpoenas.

## II.   ARGUMENT

### a.  The Secretary has standing to challenge Defendants' third-party subpoenas

"Federal courts have consistently held that a party who wishes to object to a

subpoena issued to a third-party may do so by filing a motion for protective order

or to quash." Olson v. State Farm Fire and Cas. Co., No. C14-0786RSM, 2015 WL

753501, at *1 (W.D. Wash. Feb. 23, 2015) (citing Moon v. SCP Pool Corp., 232

F.R.D. 633, 636 (C.D. Cal. 2005)). The movant has standing if he has a personal

- 6 -

right, interest or privilege, or if the subpoena affects the party's privacy interests. In re REMEC Securities Litigation, 2008 WL 2282647, at *1 (S.D. Cal. 2008). "[H]owever, minimal or 'exceedingly small' the [] Defendants' interests [] are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party." Malibu Media, LLC v. Does 1-25, No. 12-cv-0362-LAB (DHB), 2012 WL 2367555, at *2 (S.D. Cal. June 21, 2012). When the movant is the government, Ninth Circuit and Supreme Court precedent grant it standing to quash subpoenas issued to third parties who have or may petition the government for redress of their grievances, because the government has an interest in preventing harassment of its witnesses (including prejudicial over-emphasis on their credibility) and interference with its investigation and litigation.

Because the language of Federal Rule of Civil Procedure 45 does not clearly delineate who has standing to quash a subpoena, courts must apply rules of statutory interpretation to determine its meaning. See, e.g., In re Rhodes Cos., LLC, 475 B.R. 733, 738-39 (D. Nev. 2012) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 347-62 (1981)). In Sosa v. DIRECTV, Inc., the Ninth Circuit unquestionably held that "the *Noerr-Pennington* doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." 437 F.3d 923, 931 (9th Cir.

- 7 -

2006). Acknowledging that the doctrine "<u>applies equally in all contexts</u>," the court concluded that courts "must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute <u>clearly provides</u> otherwise." <u>Id.</u> ("We will not 'lightly impute to Congress an intent to invade . . . freedoms" protected by the Petition Clause" (citing <u>E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127, 138 (1961))) (emphasis added).

There are significant differences when the movant for a motion to quash a subpoena directed at a non-party is a private party versus when the movant is the Secretary of Labor. First, and most importantly, all people have the constitutional right to "petition the government for a redress of grievances." U.S. Const. Amend. I. "The same philosophy governs the approach of citizens or groups of them to administrative agencies . . . and to courts . . . ." <u>Cal. Motor Transp. Co. v. Trucking Unlimited</u>, 404 U.S. 508, 611-12 (1972). In initiating and participating in a government investigation, workers are exercising their constitutional right to petition their government for the redress of their grievances. <u>Sosa</u>, 437 F.3d at 930 (citing <u>Bill Johnson's Rests., Inc. v. NLRB</u>, 461 U.S. 731, 741-44 (1983)). An interpretation of Rule 45 that denies the Secretary standing to quash harassing subpoenas would "burden[] conduct that implicates the protections afforded by the Petition Clause." <u>Id.</u> at 931.

- 8 -

Second, unlike most suits brought by private parties, a suit brought by the Secretary of Labor for violations of the FLSA seeks to recover back wages and liquidated damages for non-party employees. It also seeks to vindicate the rights of law-abiding businesses that have been unfairly disadvantaged in the competitive market due to a defendant employer's labor violations. The rule's interpretation must consider this unique synergy between the interests of the Secretary of Labor and non-parties.

Third, the Secretary has the important duty of encouraging complaints and participation in investigations and litigation by workers and other third parties who may be victims or witnesses to unlawful practices. The Secretary cannot fulfill his enforcement responsibilities if defendants abuse the Court's subpoena powers. This reality is already recognized in the criminal context, where government enforcement agencies have standing to quash subpoenas based upon their "interest in preventing undue lengthening of the trial, undue harassment of [their] witnesses, and prejudicial over-emphasis on [the witness's] credibility." U.S. v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995) (citing United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982) cert denied, 459 U.S. 1035 (1982)).

For these reasons, the Court should grant the Secretary of Labor standing to quash the subpoenas issued to third parties, because it has an interest in preventing

harassment of its witnesses (including prejudicial over-emphasis on their credibility) and interference with its investigation and litigation.

**b.  The subpoenas are an abuse of the Court's procedures and unlawfully punish and intimidate workers from asserting their rights.**

This Court's subpoena power is being abused in Defendants' campaign to control and intimidate their employees and former workers. This interference with a worker's cooperation with a government investigation is of paramount concern to the Secretary and has constitutional parameters. As discussed earlier, people exercise their constitutional right to petition their government for redress of their grievances when they participate in a government investigation. Sosa v. DirecTV, Inc., 437 F.3d 923, 930 (9th Cir. 2006) (citing Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741-44 (1983)). The importance of protecting this principle is highlighted by the emergence of anti-SLAPP laws that provide a mechanism to combat abusive actions seeking to chill a person's right to petition their government. See, e.g., Sosa, 437 F.3d at 936; Frye v. Scott, No. CAAP-12-0000914, 2013 WL 5607206, at *2 (Haw. Ct. App. Oct. 14, 2013) (applying Hawaii's anti-SLAPP law).

Defendants are taking advantage of this Court's subpoena powers to engage in an abusive discovery campaign they would not have been able to impose on

- 10 -

their own. Third parties, mostly workers, are being attacked with unreasonable, burdensome, and intrusive subpoenas from the very district court that the Secretary petitions to protect their rights. The effect is chilling and interferes with their ability to assert their rights and discourages others who are in need of this Court's protection.

### c.  Targeting workers and other affected parties through selective and abusive subpoenas is unlawful retaliation.

The instant subpoenas are not general document requests directed to all of Defendants' former and current employees, but rather targeted harassment against a select number of former employees and business associates. The subpoenas demand the production of extensive, private information, and also request all correspondence with the U.S. Department of Labor.

Most of the subpoenas target workers whom the Secretary has identified as being victims of Defendants' unlawful practices—the same workers who may testify and assert their right in this Court in the course of the litigation. Serving these abusive subpoenas is cognizable as a form of unlawful retaliation, violative of Section 15(a)(3) of the Fair Labor Standards Act. Harris v. Acme Universal, Inc., No. 12-00008, 2014 WL 3907107, at *1-2, 4, 7 (D. Guam Aug. 11, 2014) (granting the Secretary's motion for protective order and injunction against retaliatory discovery tactics).  In fact, Defendants may have already succeeded in

- 11 -

their attempts to intimidate witnesses. Defendants have procured false statements from at least one of the former employees whom they targeted in their earlier round of subpoenas. Dkt. 44, Concise Statement of Facts; and Daquiz Decl., Ex. A; see Acme, 2014 WL 3907107, at *7 (acknowledging that Defendants' "coercive and threatening tactics have caused the [Secretary] to lose contact with at least one former employee, thus limiting the Plaintiff's ability to effectively prosecute this case.").

The Supreme Court itself has acknowledged that "[e]nforcement of the FLSA [relies on] information and complaints received from employees seeking to vindicate rights claimed to have been denied." Kasten v. Saint-Gobain Perf. Plastics Corp., 563 U.S. 1, 11-12 (2011) (internal quotations and citation omitted). The intent of the FLSA is to provide "broad rather than narrow protection [for] employee[s]" by, among other things, guaranteeing a measure of protection from retaliation to those who are willing to come forward and reject substandard working conditions. Id. at 12-13 (internal citations omitted).

Four of the subpoenas target former business associates of the Defendants (i.e., Mr. Mark Kramer, Makaha Oceanview Estates LLC, Nakamura Electric Inc., and Gil Vallesteros). One other targets the former halfway house manager for one of Defendants' former employees (i.e., Suzanne Yen). Defendants are also trying to intimidate and harass these third parties, which will certainly harm the

- 12 -

Secretary's ability to conduct its investigation and litigation. Most importantly, however, third parties other than workers also have the right to participate in the government's investigation without harassment and intimidation.

Again, Defendants' tactics are abusive with the intended effect of discouraging workers and other third parties from coming forward to petition their government and the federal courts for redress.

### d. Defendants' subpoenas are unduly burdensome, unreasonable, overbroad, demand privileged documents, fail to provide reasonable time to comply, and require compliance beyond the Rule 45's geographical limits and must be quashed (Fed. R. Civ. P. 45(d)(3)).

Federal Rule of Civil Procedure 45(d)(3) provides that the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Parties and their attorneys have a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). "The court . . . where compliance is required must enforce this duty and impose and appropriate sanction—which may include lost earnings and reasonable

- 13 -

attorney's fees—on a party or attorney who fails to comply." <u>Id.</u>; <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F.3d 792, 813-14 (9th Cir. 2003) (affirming district court's decision to quash overly broad subpoena and grant sanctions for abuse of the discovery process).

### 1.  The subpoenas are overbroad and unreasonable.

Among their overbroad requests, Defendants want the non-party employees to provide the following by November 17 and 22, 2016, despite no indication that all of the subpoenas have actually been served:

- "Documents (including, but not limited to, text messages, e-mails, social media posts, and photographs) showing or referring to you engaged in any activity (other than your employment with Kazu Construction) between 7:00 a.m. and 6:00 p.m.;"

- "Calendars and other documents showing any appointments or meetings between 7:00 a.m. and 6:00 p.m. that you had for any purpose other than your employment with Kazu Construction.  This includes, but is not limited to, any documents showing the dates, times, and attendees (such as probation or parole officers) of the appointments and meetings;"

- "Receipts and other documents showing travel outside of Oahu or stay at any paid lodging (whether on Oahu or not);"

- Records of phone calls and text messages, regardless of their content;

- 14 -

- Financial records, including credit, debit, and bank statements, regardless of their nature;

- Records of employment other than with Defendants;

- All documents related to hours worked for Defendants;

- W-2s and 1099s; and

- All communications with the Department of Labor about its investigation.

Defendants' requests are overbroad, often without appropriate subject matter limitations; fail to give reasonable time to comply, especially to third-party former employees who have limited legal sophistication and may not have even been served yet; require disclosure of information that is protected by the government's informant's privilege and the common interest privilege; and subject third parties to undue burden by requesting documents from every facet of their professional and personal life.

### 2.  The subpoenas constitute an abusive fishing expedition.

"A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b)." Monge v. Maya Magazines, No. 2:10-CV-00230-RCJ-PA, 2010 WL 2776328, at *4 (D. Nev. July 14, 2010) (citing Compaq Computer Corp. v. Packark Bell Elecs., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)). The limitation on discovery to particularized, relevant matters must be "firmly applied." Herbert v. Lando, 441 U.S. 153, 177 (1979) ("[D]istrict courts should not neglect their power to restrict

- 15 -

discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . (internal citation and quotations omitted)). While the party who moves to quash has the burden of persuasion under Rule 45(d)(3), "the party issuing the subpoena must demonstrate [] that the information sought is relevant and material to the allegations and claims at issue in the proceedings." <u>Monge</u>, 2010 WL 2776328, at *4 (citing <u>Green v. Baca</u>, 226 F.R.D. 624, 654 (C.D. Cal. 2005)) (internal quotation marks omitted).

Courts frequently preclude parties from abusing the discovery process to go on "fishing expeditions." <u>Rivera v. NIBCO</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) (internal citation omitted). More specifically, courts disfavor overbroad requests that intrusively sweep large amounts of irrelevant sensitive material under the guise that some relevant, discoverable data may be found. <u>See, e.g.</u>, <u>Mailhoit v. Home Depot S.A., Inc.</u>, 285 F.R.D. 566, 570-71 (C.D. Cal. 2012). Indeed, Defendants admit that the purpose of their discovery efforts is to see what they can find.

Defendants will argue that they are entitled to put forth a defense and seek evidence to rebut the allegation that their workers worked the long hours, and hours on the weekend, alleged by the Secretary. This argument, however, ignores that it is Defendants who have a duty to maintain records of hours worked and wages paid and it is Defendants who have the control over their workers and

- 16 -

worksite.   Defendants have always been and remain the persons with knowledge as to the hours they suffered and permitted their workers to work and how much they paid their workers.  Defendants, by law, were required to maintain accurate and complete records and it appears that they failed utterly to comply with those legal requirements. Their abdication of these legal responsibilities – conduct for which the Secretary seeks relief in this instant action – does not justify compelling their workers to open their personal lives for review by Defendants.  Defendants have this information – they just do not like the massive unpaid wage liability they created and are hoping that a fishing expedition into their workers' personal lives will help distract this Court from the proper focus of this suit and litigation: Defendants' sweeping and clear failure to pay the wages due under federal law to its workforce.

Defendants' defenses of the charges brought against them are within their control. This fishing expedition—targeted to select former employees—is wholly focused on irrelevant, personal, and sensitive material. These subpoenas are only tenuously related to the question of whether these workers worked uncompensated overtime, but have the potential to do great harm. These subpoenas also are unnecessary as Defendants have ignored this Court's instruction to conduct discovery directly with the government first before resorting to third-party discovery in the form of subpoenas to its former employees.

- 17 -

### 3.  The subpoenas violate workers' right to privacy.

Finally, all individuals have a constitutional right to privacy that can be asserted in response to subpoena requests. <u>Bickley v. Schneider Nat., Inc.</u>, No. C08-5806 JSW (JL), 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011) (citing <u>Breed v. U.S. Dist. Court, N. Dist. of Cal.</u>, 542 F.2d 1114, 1116 (9th Cir. 1976)). Personal and professional records, such as employee personnel records, are protected by this right to privacy. <u>Id.</u> The Constitution of the State of Hawai'i explicitly protects individuals' right to privacy. HAW. CONST. art. 1, § 6.

Defendants' subpoenas seek an extremely long list of private information including personnel records, financial records, bank accounts, telephone and text records, and any and all personal photographs taken. The third parties' privacy rights must be protected.

### 4.  The Court must quash the subpoenas to Kevin MacGregor and Mark Kramer for failure to adhere to rule 45(c)(2)(A)'s geographical requirement.

Rule 45(d)(3)(A)(ii) requires courts to quash subpoenas that "require[] a person to comply beyond the geographical limits specified in Rule 45(c)." The Rule refers to the requirement that subpoenas may not command "production of documents, electronically stored information, or tangible things at a place [farther

- 18 -

than] 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

As further evidence of Defendants' retaliatory purpose, they seek to issue subpoenas to Mark Kramer and Kevin MacGregor who, Defendants acknowledge, reside thousands of miles away over the 100-mile limit imposed by Rule 45(c). Mark Kramer currently resides and is employed in the state of California, and Kevin MacGregor currently resides and is employed in the state of the Utah. Defendants have not produced any evidence showing that either of those third parties falls under the jurisdiction of this Court's subpoena powers. See Paoa v. Marati, No. 07-00370 JMS-LEK, 2007 WL 4191997, at *3 (D. Haw. Nov. 27, 2007) (acknowledging the geographical limits of the district court's subpoena power). For these reasons, the Court must quash the subpoenas to Mark Kramer and Kevin MacGregor.

## III. __CONCLUSION__

For the foregoing reasons, the Court should quash the subpoenas issued to Mr. Preston Cummings, Mr. Kevin MacGregor, Mr. Richard Napierala, Mr. Stanley Napierala, Mr. Jay Padayao, Mr. Daniel Kawaauhau, Mr. Arnold Leedy, Mr. Dennis Tadio, Jr., Mr. Mark Kramer, Ms. Suzanne Yen, Mr. Gil Vallesteros, Makaha Oceanview Estates LLC, and Nakamura Electric, Inc. It is Defendants who have the control over their worksite, and information regarding their workers'

- 19 -

hours, and Defendants' pay practices. The only reason to look outward and use district court subpoenas is to intimidate and effectively silence these workers—and others—who petition the government for redress. Defendants' subpoenas are abusive and harassing and this tactic should be stopped.

Respectfully submitted this 17th day of November, 2016.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

By :_____/s/ Abigail G. Daquiz_____
ABIGAIL G. DAQUIZ
Senior Trial Attorney

M. CRISTOPHER SANTOS
Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

- 20 -