IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, THOMAS PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>KAZU CONSTRUCTION, LLC, a corporation; and VERNON LOWRY, an individual;<br><br>Defendants. | CIVIL NO. 16-00077 ACK-KSC<br><br>**DECLARATION OF CHRISTOPHER S. YEH** |

## **DECLARATION OF CHRISTOPHER S. YEH**

CHRISTOPHER S. YEH declares the following:

1. I am a partner with the law firm of Marr Jones & Wang LLP. I am licensed to practice law in the State of Hawaii, and have been admitted to practice law before this Court. I am one of the attorneys representing Defendants Kazu Construction LLC ("Kazu") and Vernon Lowry ("Lowry") (collectively "Defendants") in the above-referenced action. I make this declaration based on personal knowledge and information.

2. Attached at Exhibit E is a true and correct copy of an excerpt from the transcript of Dennis Tadio's deposition, taken on August 4, 2014.

815371/1725.002

3. On February 13, 2015, in a phone conversation, the Department of Labor ("DOL"), through its investigator Jefferson Caparas, indicated that Tadio was claiming to have worked 70 hours every week for Kazu from around the start of his 2013 employment. Caparas also represented that Richard Napierala had exempt status and that the DOL was not seeking any back wages for him.

4. Attached as Exhibit F is a true and correct copy of the transcript of a March 4, 2016 Hawaii News Now story on Kazu.

5. Attached as Exhibit G is a true and correct copy of the DOL's Initial Disclosures, dated April 8, 2016.

6. Attached as Exhibit H is a true and correct copy of the DOL's Amended Initial Disclosures, dated April 15, 2016.

7. Attached as Exhibit I is a true and correct copy of Kazu's First Request for Production of Documents ("RFP"), dated August 30, 2016.

8. Attached as Exhibit J is a true and correct copy of Kazu's First Request for Answers to Interrogatories ("RFAI"), dated August 30, 2016.

9. On September 29, 2016, the DOL requested a two-week extension, until October 14, 2016, to respond to Kazu's RFP and RFAI, and to produce documents. Defendants agreed.

10. Defendants did not receive the DOL's RFP response or production on October 14, 2016 (the extended deadline) but instead, received an

2

e-mail from the DOL unilaterally stating that it would send the document response and production the next week.

11. In the DOL's October 14, 2016 e-mail, the DOL transmitted its Interrogatory Response. Attached hereto as Exhibit K is a true and correct copy of the DOL's Response to Kazu's RFAI.

12. On October 21, 2016 (a week after its extended deadline), the DOL transmitted its written RFP Response. Attached hereto as Exhibit L is a true and correct copy of the DOL's Response to Kazu's RFP.

13. On October 25, 2016, Defendants received the DOL's document production. The DOL's document production consists mostly of Defendants' own documents previously provided to the DOL, and a set of blank pages. The documents were accompanied by a Privilege Log. Attached hereto as Exhibit M is a true and correct copy of the DOL's privilege log, received October 25, 2016.

14. On November 3, 2016, parties' counsel had a telephonic meet and confer on the DOL's discovery responses and also on the issue of trial continuance. In this conference, the DOL maintained its position that discovery into Claimants' non-work activities during the alleged overtime periods was inappropriate fishing (for instance, the DOL stated that it stood on its objections and in any event did not have all information responsive to Kazu's interrogatory

3

about other entities paying Claimants during their Kazu employment).  The DOL stated that, by November 7, 2016, it would advise Defendants as to whether it would be producing any additional documents or information.  The DOL also indicated that its administrative case was referred to counsel for litigation shortly before DOL's counsel contacted Defendants' counsel (which contact occurred on January 29, 2016).

15.  On November 7, 2016, the DOL did not provide such follow-up.

16.  On November 10, 2016, not having heard from the DOL, Defendants' counsel sent a follow-up e-mail about Defendants' discovery requests.

17.  On November 16, 2016, the DOL sent an e-mail stating that it was no longer available for depositions in December 2016 (which the parties had previously discussed) and that it could get unspecified responsive documents (responsive to Defendants' subpoenas to Claimants) to Defendants sometime before proposed depositions in January 2017.

18.  On November 22, 2016, Defendants sent the DOL an e-mail, inquiring about what the DOL would specifically be producing and by when.

19.  On November 29, 2016, the DOL responded with an e-mail, attaching Tadio's unredacted witness statement and 9 redacted witness statements.  Attached as Exhibit "N" is a true and correct copy of that e-mail.  Attached as

4

Exhibit "O" is a true and correct copy of one of the attached redacted witness statements (DOL 114-116).

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2016, Honolulu, Hawaii.

                                           */s/ Christopher S. Yeh*
                                           CHRISTOPHER S. YEH

815371/1725.002