JANET M. HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
ABIGAIL G. DAQUIZ, Senior Trial Attorney
WA Bar No. 35521
M. CRISTOPHER SANTOS, Trial Attorney
CA Bar No. 306346
OFFICE OF THE SOLICITOR
U.S. DEPARTMENT OF LABOR
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile: (206) 757-6761
daquiz.abigail@dol.gov
santos.martin.c@dol.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, THOMAS PEREZ, <br><br>              Plaintiff, <br> v. <br><br> KAZU CONSTRUCTION, LLC, a corporation; and VERNON LOWRY, an individual, <br><br>              Defendants. | Case No. 1:16-cv-00077-ACK-KSC <br><br> SECRETARY OF LABOR'S NOTICE OF MOTION AND SECOND MOTION TO QUASH SUBPOENAS AND FOR THE ENTRY OF A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

1

## NOTICE OF MOTION AND SECOND MOTION TO QUASH AND FOR

## THE ENTRY OF A PROTECTIVE ORDER

The Secretary of Labor seeks this Court's immediate action to quash the most recent subpoenas that Defendants selectively issued to their former employees and other third parties. These subpoenas have the effect of intimidating workers and witnesses. They are overbroad and seek information protected by the government's informant privilege. Further, the Secretary seeks the entry of a protective order limiting Defendants' inquiries into the identities of confidential informants and preventing retaliation against current and former employees. Counsel for the Secretary certifies that the parties have conferred. Declaration of Abigail Daquiz in support of Second Motion to Quash ("Daquiz Decl."), ¶ 2. Defendants do not oppose the scheduling of the argument of this motion for Jan. 27, 2017, the same day scheduled for the hearing on the Secretary's first Motion to Quash, filed at Dkt. 46. *Id.*

## I.   BACKGROUND

A summary of the background is outlined in the Secretary's first Motion to Quash. Dkt. 46, pp. 10-11, filed on Nov. 17, 2016. Since the filing of that Motion, pursuant to an agreement between the parties, the Secretary provided redacted witness statements to Defendants on Nov. 29 and Dec. 2, 2016. On Dec. 2, 2016, Defendants issued ten more overbroad subpoenas requesting privileged

information and personal and professional documents from potential witnesses

("December subpoenas"). The Secretary includes copies of these subpoenas. <u>See</u>

Daquiz Decl., Exhibits 1 and 2. On Dec. 8, 2016, the Court continued the trial until

August 2017, and moved all remaining scheduling deadlines accordingly. The

Secretary's first Motion to Quash (Dkt. 46) and Defendants' Motion to Compel

(Dkt. 55) are scheduled for hearing on Jan. 27, 2016.

## II.   <u>ARGUMENT</u>

### a.  **Defendants' December subpoenas must be quashed/modified as they are harassing and violate the requirements of Rule 45.**

The Court should quash Defendants' most recent round of subpoenas

because they suffer from many of the same flaws found in the subpoenas that are

the subject of the Secretary's first Motion to Quash. Accordingly, the Secretary

incorporates those arguments as though fully set forth in this Motion. <u>See</u>

Secretary's Motion to Quash, Dkt. 46. For the Court's convenience and to avoid

duplicative briefing, the Secretary provides only the following summary of his

previous arguments as they apply to the December subpoenas.

### EXHIBIT A

| Subpoena Target | Requested relief: quashing or modifications | Basis for modifications |
|---|---|---|
| **T.J. Mahoney & Assoc./ Mahoney Hale** | Subpoena must be modified: -Subpoena must expressly exclude privileged communications with the DOL from its request. <u>See</u> Daquiz Decl., Ex. 2. | -Rule 45(d)(3) -Government's informant privilege |

3

| Subpoena Target | Requested relief: quashing or modifications | Basis for modifications |
|---|---|---|
| **Melanie Abad** | Subpoena must be modified:<br>-Subpoena must expressly exclude privileged communications with the DOL from its request. See id., Ex. 2. | -Rule 45(d)(3)<br>-Government's informant privilege |
| **Preston Cummings** | Subpoena must be quashed, or in the alternative, modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. See id., Ex. 1, ¶ 2.<br>-Subpoena is unduly burdensome, vague, unreasonable, overbroad, requests irrelevant and private information, and fails to provide reasonable time to comply.<br><br>• Requests bank and credit card statements. See id., ¶ 3.D.<br>• Requests phone records. See id., ¶ 3.E.<br>• Requests receipts from travel. See id., ¶ 3.F.<br>• Requests "text messages, e-mails, social media posts, and photographs[] showing or referring to you engaged in any activity . . . ." See id., ¶ 3.G.<br>• Requests calendars and appointments. See id., ¶ 3.H. | -Rule 45(d)(3)<br>-Government's informant privilege<br>-FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3)<br>-Ninth Circuit case law against "fishing expeditions." See, e.g., Rivera v. NIBCO, 364 F.3d 1057 (9th Cir. 2004); Mailhoit v. Home Depot S.A., Inc., 285 F.R.D. 566, 570-71 (C.D. Cal. 2012).<br>-Constitutional right to privacy. Haw. Const. art. 1, § 6; Bickely v. Schneider Nat., Inc., No. C08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) |
| **Daniel Kawaauhau** | Subpoena must be quashed, or in the alternative, modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. See id., Ex. 1, ¶ 2.<br><br>• -Subpoena is unduly burdensome, vague, unreasonable, overbroad, requests irrelevant and private information, and fails to provide reasonable time to comply. Requests bank and credit card statements. See id., ¶ 3.D.<br>• Requests phone records. See id., ¶ 3.E. | -Rule 45(d)(3)<br>-Government's informant privilege<br>-FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3)<br>-Ninth Circuit case law against "fishing expeditions." See, e.g., Rivera v. NIBCO, 364 F.3d 1057 (9th Cir. 2004); Mailhoit v. Home Depot S.A., Inc., 285 F.R.D. 566, 570-71 |

| Subpoena Target | Requested relief: quashing or modifications | Basis for modifications |
|---|---|---|
| | • Requests receipts from travel. See id., ¶ 3.F.<br>• Requests "text messages, e-mails, social media posts, and photographs[] showing or referring to you engaged in any activity . . . ." See id., ¶ 3.G.<br>• Requests calendars and appointments. See id., ¶ 3.H. | (C.D. Cal. 2012).<br>-Constitutional right to privacy. Haw. Const. art. 1, § 6; Bickely v. Schneider Nat., Inc., No. C08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) |
| **Richard Napierala** | Subpoena must be quashed, or in the alternative, modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. See id., Ex. 1, ¶ 2.<br>-Subpoena is unduly burdensome, vague, unreasonable, overbroad, requests irrelevant and private information, and fails to provide reasonable time to comply.<br>• Requests bank and credit card statements. See id., ¶ 3.D.<br>• Requests phone records. See id., ¶ 3.E.<br>• Requests receipts from travel. See id., ¶ 3.F.<br>• Requests "text messages, e-mails, social media posts, and photographs[] showing or referring to you engaged in any activity . . . ." See id., ¶ 3.G.<br>• Requests calendars and appointments. See id., ¶ 3.H. | -Rule 45(d)(3)<br>-Government's informant privilege<br>-FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3)<br>-Ninth Circuit case law against "fishing expeditions." See, e.g., Rivera v. NIBCO, 364 F.3d 1057 (9th Cir. 2004); Mailhoit v. Home Depot S.A., Inc., 285 F.R.D. 566, 570-71 (C.D. Cal. 2012).<br>-Constitutional right to privacy. Haw. Const. art. 1, § 6; Bickely v. Schneider Nat., Inc., No. C08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) |
| **Jay Padayao** | Subpoena must be quashed, or in the alternative, modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. See id., Ex. 1, ¶ 2.<br>-Subpoena is unduly burdensome, vague, unreasonable, overbroad, requests irrelevant and private information, and fails to provide | -Rule 45(d)(3)<br>-Government's informant privilege<br>-FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3)<br>-Ninth Circuit case law against "fishing |

| Subpoena Target | Requested relief: quashing or modifications | Basis for modifications |
|---|---|---|
| | reasonable time to comply.<br>• Requests bank and credit card statements. <u>See</u> <u>id.</u>, ¶ 3.D.<br>• Requests phone records. <u>See</u> <u>id.</u>, ¶ 3.E.<br>• Requests receipts from travel. <u>See</u> <u>id.</u>, ¶ 3.F.<br>• Requests "text messages, e-mails, social media posts, and photographs[] showing or referring to you engaged in any activity . . . ." <u>See</u> <u>id.</u>, ¶ 3.G.<br>• Requests calendars and appointments. <u>See</u> <u>id.</u>, ¶ 3.H. | expeditions." <u>See, e.g.</u>, <u>Rivera v. NIBCO</u>, 364 F.3d 1057 (9th Cir. 2004); <u>Mailhoit v. Home Depot S.A., Inc.</u>, 285 F.R.D. 566, 570-71 (C.D. Cal. 2012).<br>-Constitutional right to privacy. Haw. Const. art. 1, § 6; <u>Bickely v. Schneider Nat., Inc.</u>, No. C08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) |
| **Andrew Davis** | Subpoena must be modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. <u>See</u> <u>id.</u>, Ex. 2, ¶ 3. | -Rule 45(d)(3)<br>-Government's informant privilege |
| **Laretta Dubin** | Subpoena must be modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. <u>See</u> <u>id.</u>, Ex. 2, ¶ 3. | -Rule 45(d)(3)<br>-Government's informant privilege |
| **Joe Nunuha** | Subpoena must be modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. <u>See</u> <u>id.</u>, Ex. 2, ¶ 3. | -Rule 45(d)(3)<br>-Government's informant privilege |
| **Gil Vallesteros** | Subpoena must be modified:<br>-Subpoena improperly requests documents related to privileged communications with DOL. <u>See</u> <u>id.</u>, Ex. 2, ¶ 3. | -Rule 45(d)(3)<br>-Government's informant privilege |

i.   <u>The Secretary has standing to challenge Defendants' third-party</u>

<u>subpoenas</u>

The Secretary has standing to challenge the December subpoenas. Finding

otherwise would "burden[] conduct that implicates the protections afforded by the

Petition Clause" in violation of the Ninth Circuit's *Noerr-Pennington* doctrine. See

Dkt. 46, Motion to Quash, Part II.a (citing Sosa v. DIRECTV, Inc., 437 F.3d 923,

931 (9th Cir. 2006)).

> ii.  The arguments from the Secretary's Motion to Quash apply to
>
> Defendants' December subpoenas.

The December subpoenas are a continuation of Defendants' ongoing and

improper campaign to use the Court's subpoena power as a tool to intimidate

potential witnesses. Defendants' signature strategy has been to target a select group

of potential witnesses with overbroad requests private personal and professional

documents, including social media posts, emails, photographs, and bank

statements, and they continue to do so in their December subpoenas. See Daquiz

Decl., Ex. 1. This abusive discovery interferes with the cooperation of witnesses in

the Secretary's litigation, intrudes on those witnesses' constitutional right to

petition their government, and violates the FLSA's anti-retaliation provision. See

Dkt. 46, Motion to Quash, Parts II.b, II.c.

Defendants' December subpoenas also violate the strict requirements of

Federal Rule of Civil Procedure 45 and must be quashed. Of most concern to the

Secretary, Defendants' subpoenas represent exactly the type of unreasonable and

unduly burdensome "fishing expedition" that the Ninth Circuit frowns upon. See

id., Part II.d.2 (citing Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)).

Namely, Defendants have made "overbroad requests that intrusively sweep large amounts of irrelevant sensitive material under the guise that some relevant, discoverable data may be found." See Mailhoit v. Home Depot S.A., Inc., 285 F.R.D. 566, 570-71 (C.D. Cal. 2012). For instance, Defendants argue that they are entitled to, in some cases, almost two years-worth of bank statements belonging to former employees. Daquiz Decl., Ex. 2. Yet, their own evidence shows that in the case of one of their current employees (Mr. Frank Aguinaldo), Defendants were only able to find twenty seven instances in two entire years where purchases were made from Mr. Aguinaldo's bank account. See Dkt. 44, Concise Statement of Facts, p. 5, No. 19; and Dkt. 44-1, Decl. of Mr. Aguinaldo, Exhibit A. Many of these purchases were made on days when Defendants' own records show Mr. Aguinaldo to be working, Daquiz Decl., Ex. 3, and the records alone do not account for the possibility that Mr. Aguinaldo did not himself make the expenses identified by Defendants on work days (i.e., due to joint bank accounts for example).

Defendants also improperly demand privileged and confidential documents in their December subpoenas. Every single one of their December subpoenas requests information that is clearly protected by the government's informant privilege. See supra, Table at Exhibit A. Defendants' subpoenas also violate their targets' constitutional rights to privacy, because they request private personal and

professional documents including social media posts, emails, photographs, phone records, and bank statements. See Dkt. 46, Parts II.d.1, II.d.3.

Finally, Defendants fail to provide a reasonable time for legally-unsophisticated individuals to compile an extensive amount of records covering almost two years in some circumstances. See, e.g., Daquiz Decl., Exhibits 1 and 2. Some of these documents also date back to 2012, 2013, and 2014, which present further obstacles for witnesses' efforts to comply. See id.

For the foregoing reasons and as summarized at Dkt. 46, the December subpoenas should be quashed or modified as outlined in Exhibit A, above.

### b.  The Court should issue a protective order.

Federal Rule of Civil Procedure 26(c) allows courts to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, or oppression, or undue burden or expense" by, among other things, "forbidding inquiry into certain matters . . . ." The movant can establish good cause by "demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (internal citation omitted). Once this showing is made, the court balances the public and private interests to decide if the protective order is necessary. Id. at 1063-64. "[R]estriction[s] may be broader when a nonparty is the target of discovery." Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).

Defendants' discovery tactics provide the good cause necessary for a protective order. They continue to solicit information from third parties that is protected by a privilege belonging to the government. See supra, Table at Exhibit A; infra Part II.b.i (discussing the government's informer's privilege). Defendants are also on their fifth round of overbroad and harassing subpoenas to their former employees and other potential witnesses. Without a protective order, Defendants will unduly burden witnesses with the expense and efforts to gather, within a short period of time, a great number of documents from all facets of their professional, social, and personal lives.

The balance of interests weighs in Plaintiff's favor, because Defendants can build their defense in accordance with the rules of civil procedure and this Court's instructions. The Plaintiff and the public have a direct interest in protecting the government's informer privilege. See infra Part II.b.i (discussing the "public interest in effective law enforcement"). Similarly, Plaintiff has an interest in ensuring that potential third-party witnesses are not intimidated or retaliated against for cooperating with its litigation. On the other hand, the Secretary's proposed protective order does not harm Defendants' ability to build their defense. See infra Part II.b.i. The Secretary has already provided the factual basis of his claims and damage calculations, including redacted witness statements. Defendants, however, insist on learning the identities of the Secretary's witnesses,

even though courts have held that their identities are not relevant to the defense in an FLSA case. See id.

     i.  A protective order is appropriate to safeguard the government's informer privilege.

Courts have long recognized the informant privilege (also known as "informer privilege") as a protector of the "public interest in effective law enforcement." Rovario v. United States, 353 U.S. 53, 59 (1957); see also, e.g., United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000) (affirming the district court's refusal to order the government to disclose the identity of an informant). The privilege encourages the public to participate in the prosecution of crimes by preserving their anonymity. Rovario, 353 U.S. at 59. The privilege protects even non-identifying information that would nonetheless "tend to reveal the identity of an informer." Id. at 60. The privilege belongs to the government not the informer. See id. at 59.

Defendants have continued to seek the identity of confidential government witnesses despite the Secretary's repeated assertions of his informant privilege. Daquiz Decl., ¶ 7. The Court should preclude Defendants from continuing to disregard this important privilege that promotes the "public interest in effective law enforcement." See Rovario, 353 U.S. at 59. Without a protective order on this issue, Defendants will learn the identities of confidential informants and target

11

them with overbroad discovery requests as they have attempted to do with their five rounds of subpoenas. These tactics harm potential witnesses and prejudice the Secretary's ability to effectively enforce the law by undermining the purpose of the privilege to protect informers and to encourage their participation in the prosecution of crimes.

Defendants do not need to know the identity of the government's informants to defend against the government's claims. The Secretary alleges that Defendants failed to maintain accurate records and pay their employees overtime and, in some cases, minimum wages, as required by the FLSA.  Defendants should have all of the information they need to challenge the allegations. Whether their employees spoke with Department of Labor representatives is entirely independent of the Defendants' payroll and/or record-keeping practices. For instance, in granting the Secretary of Labor's motion for a protective order against disclosure of the identity of informants, one district court noted:

> The ultimate issue in this case is whether Defendants paid their employees a legal wage and whether they maintained adequate records.  Defendants obviously have knowledge of how much they paid their employees during the relevant period as well as what records they maintained.  The fact that one or more of Defendants' former employees may have spoken with DOL investigators does not go to the merits of their defense.

Solis v. Best Miracle Corp., No. SACV 08-0998-CJC (MLGx), 2009 WL 3709498, at *2 (C.D. Cal. Nov. 3, 2009); see also, e.g., Brock v. On Shore Quality Control

Specialists, Inc., 811 F.2d 282, 284 (5th Cir. 1987) (in case involving violations of FLSA overtime and record-keeping provisions, list of all persons who gave information to Department of Labor "utterly irrelevant" to issues to be tried by trial court); Usery v. Ritter, 547 F.2d 528, 531 (10th Cir. 1977) (insufficient need shown for overriding government's informant privilege where defendant knows job classifications, payrolls, and type of work done by employees).

> ii. A protective order is appropriate to prevent Defendants from unduly burdening and retaliating against their current and former employees

Federal Rule of Civil Procedure 26(c) protects persons from "annoyance, embarrassment, oppression, or undue burden or expense." Retaliation, or the potential for it, is enough good cause to support the granting of a protective order. See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1074-75 (9th Cir. 2004) ("The district court rightly considered the threat of intimidation and retaliation when assessing the burden the discovery would place on the plaintiffs."); see also United States v. State of Hawai'i, 885 F. Supp. 212, 216 (D. Haw. 1995). Former employees are "as much in need of the [§215] shield from retaliation as [current] workers . . . or workers who have been discharged for their protected activities." Lemley v. Graham County, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *7 (D. Ariz. May 16, 2014) (internal quotation omitted).

Defendants' five rounds of subpoenas to non-party potential witnesses annoy, harass, embarrass, intimidate, and retaliate against them by, among other things, requesting a large number of personal documents in a very short amount of time. Defendants' subpoenas asked for a broad range of documents, ranging from personal financial information (e.g., bank statements) to highly private documents (e.g., text and phone records, and personal photographs whether or not already in social media platforms). See Daquiz Decl., Ex. 1. Aside from the privacy intrusion, it would be unduly burdensome and expensive to require these non-parties to gather all of these documents. This is the type of retaliatory conduct that has the potential to either: (1) stop further cooperation from informers or (2) discourage potential informers from cooperating with the investigation.

If the Court allows Defendants to resume third-party discovery, it should limit such discovery to relevant and non-oppressive information and documents that Defendants cannot get from the Secretary directly. See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980) (holding that the scope of restriction of a protective order "may be broader when a nonparty is the target of discovery.").

Defendants do not agree to the entering of the Secretary's Proposed Protective Order. Daquiz Decl., ¶ 2. Therefore, the Secretary respectfully moves the Court to approve the proposed Protective Order, filed with this motion.

## III.    **CONCLUSION**

For the reasons presented above and in the Secretary's Motion to Quash

(Dkt. 46) the Court should quash and/or modify the December subpoenas; and

enter the proposed protective order.

Respectfully submitted this 16th day of December, 2016.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

By :_____/s/ Abigail G. Daquiz_____
ABIGAIL G. DAQUIZ
Senior Trial Attorney

M. CRISTOPHER SANTOS
Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff